IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS UNITED<br>1006 Pennsylvania Avenue, S.E.<br>Washington, DC 20003,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF EDUCATION<br>400 Maryland Avenue SW<br>Washington, DC 20202,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 21-cv-1481 |

**COMPLAINT**

Plaintiff Citizens United brings this action against Defendant the United States Department of Education to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Citizens United is a Virginia non-stock corporation with its principal place of business in Washington, D.C.  Citizens United is organized and operated as a nonprofit membership organization that is exempt from federal income taxes under Section 501(c)(4) of the Internal Revenue Code.  Citizens United seeks to promote social welfare through informing

and educating the public on conservative ideas and positions in issues, including national defense, the free enterprise system, belief in God, and the family as the basic unit of society. In furtherance of those ends, Citizens United produces and distributes information and documentary films on matters of public importance. Citizens United regularly requests access to the public records of federal government agencies, entities, and offices, to disseminate its findings to the public through its documentary films and publications.

4. Defendant, the United States Department of Education, is an agency of the United States Government and is headquartered at 400 Maryland Avenue, S.W., Washington, D.C. 20202. Defendant has possession, custody, and control of the records which Plaintiff seeks.

## STATEMENT OF FACTS

5. Citizens United routinely submits FOIA requests, and this matter concerns a FOIA request submitted to Defendant on February 26, 2021 to which Defendant has failed to respond.

6. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to Citizens United's FOIA requests within 20 working days of each request. Although that deadline can be extended by no more than 10 working days if there are "unusual circumstances" as defined by 5 U.S.C. § 552(a)(6)(B)(iii), Defendant never invoked that extension.

7. Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(iii), Citizens United is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

8. On February 26, 2021, Citizens United submitted a FOIA request, online, to Defendant. The request sought:

> All emails and attached documents to or from White House Liaison Claudia Chavez and any employee of the Executive Office of the President.

The time period covered by the FOIA request was January 20, 2021 to February 26, 2021.  *See* Exhibit A at 3.

9. Citizens United, as a member of the media, requested expedited processing of this FOIA request.

10. Defendant acknowledged receipt of the FOIA request on the date of its submission, and assigned the request FOIA tracking number 21-01042-F.  *See* Exhibit B.

11. On March 1, 2021, Defendant emailed Citizens United claiming that it was unable to process the FOIA request because it was in need of clarification.  Specifically, Defendant asked "What is the topic of the e-mails you would like requested? What office/people you would like searched?"  *See* Exhibit A at 3-4.

12. On March 5, 2021, counsel for Plaintiff responded to Defendant's March 1 email, disputing Defendant's claimed need for clarification.  *See* Exhibit A at 2-3.

13. On March 5, 2021, Defendant emailed counsel for Plaintiff, asking which employees within the Executive Office of the President ("EOP") that Plaintiff's FOIA request sought.  *See* Exhibit A at 2.

14. On March 9, 2021, counsel for Plaintiff by email explained that the FOIA request seeks email correspondence between the specified Department of Education employee and any sender or recipient with the email address that includes the who.eop.gov domain name.  *See* Exhibit A at 1-2.

15. On March 9, 2021, Defendant by email again repeated its request that Plaintiff provide a list of specific EOP employees.  *See* Exhibit A at 1.

16. On March 16, 2021, counsel for Plaintiff by email replied and repeated that the FOIA request seeks all emails with the who.eop.gov domain name.  *See* Exhibit A at 1.

17.     On March 16, 2021, Defendant emailed counsel for Citizens United that it was "processing your request based on your original clarification." *See* Exhibit A at 1.

18.     Defendant emailed a letter to Citizens United on March 16, 2021 denying Plaintiff's request for expedited processing. *See* Exhibit C.

19.     On April 2, 2021, Defendant emailed what it called a "20-day notification" letter dated April 5, 2021, to Plaintiff stating "we are unable to provide an estimated completion date, but intend to provide records on a rolling basis as they become available." *See* Exhibit D.

20.     With regard to Citizens United's FOIA requests, the statutory deadline has passed, and Defendant has failed to provide a substantive response to the FOIA request. In fact, as of the date of this Complaint, Defendant has failed to produce a single responsive record or assert any claims that responsive records are exempt from production.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

21.     Plaintiff realleges paragraphs 1 through 20 as though fully set forth herein.

22.     Defendant has failed to make a determination regarding Citizens United's February 24, 2021 FOIA request for records (21-01042-F) within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552 without asserting any exemption.

23.     Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Citizens United requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to Citizens United's FOIA request and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Citizens United's request;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Citizens United's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to Citizens United's FOIA request;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

　　/s/ Jeremiah L. Morgan_____
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
Robert J. Olson
(D.C. Bar No. 1029318)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

*Counsel for Plaintiff*
CITIZENS UNITED

Dated: June 1, 2021